**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MSW MEDIA, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF HOMELAND | * | Civil Action No. 1:26-cv-01061 |
| SECURITY | * | |
| Washington, DC  20528, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff MSW Media, Inc. brings this action against Defendant Department of Homeland Security pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff MSW Media, Inc. ("MSW Media") is a media business incorporated in the state of California and has the ability to disseminate information on a wide scale. MSW Media (https://mswmedia.com/) operates numerous podcasts and blogs about federal government operations, including Mueller She Wrote, SpyTalk, Daily Beans, and Unjustified. It will clearly

use its editorial skills to translate disclosed records into new material. MSW Media is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.     Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by MSW Media which are the subject of this action.

5.     Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), and the Office of General Counsel ("OGC") are DHS components.

## BACKGROUND

6.     Since the second inauguration of President Donald Trump, ICE and CBP have engaged in a campaign of mass deportation.

7.     As part of this campaign, ICE and CBP have engaged in highly controversial activities, many of which have drawn public condemnation and widespread media coverage.

8.     The requests in this lawsuit pertain to two such instances, about which MSW Media has requested information vitally important to the public discourse regarding ICE and CBP, including an ongoing appropriations battle over DHS funding currently being waged in the U.S. Congress.

### *Dilley Immigration Processing Center Holds Children and Families Incommunicado*

9.     On 9 February 2026, *ProPublica* revealed "handwritten letters from children detained at the Dilley Immigration Processing Center in South Texas." Mica Rosenberg, Anna Donlan, Shoshana Gordon, & Cengiz Yar, *"I Have Been Here Too Long": Read Letters from the Children Detained at ICE's Dilley Facility*, ProPublica (Feb. 9, 2026), *at* https://www.propublica.org/article/ice-dilley-children-letters (last accessed Mar. 27, 2026).

10.    ProPublica received these letters from children in mid-January. In their words and drawings, they convey how much they ache for creature comforts and describe the anguish of being trapped. They write about missing their friends and teachers, falling behind at school, having unreliable access to medical care when they are sick, and feeling scared about what comes next.

11.    Reporter Mica Rosenberg asked detainees whether their children would be willing to write letters or draw pictures about their experiences. One detainee gathered the letters and brought them out of the center when they were released from Dilley on 20 January 2026. The detainee said the parents whose children participated were aware that the letters would be shared with a journalist with the intention of making them public.

12.    Three days later, during a House Committee on Homeland Security hearing, Rep. James Walkinshaw read some of the handwritten letters and shared drawings from the children held in ICE family detention and then questioned ICE Acting Director Todd Lyons ("Lyons") about them.

13.    On 17 February 2026, *Migrant Insider* reported, "Staff at the ICE concentration camp in Dilley, Texas have begun raiding the dormitories of kids and their parents to confiscate and destroy letters from the children." Pablo Manríquez (@PabloReports), X.com (Feb. 17, 2026 10:36 AM), *at* https://x.com/PabloReports/status/2023783585296064964 (last accessed Mar. 27, 2026).

14.    ICE contractor CoreCivic operates the Dilley Immigration Processing Center.

*ICE Forcibly Enters Homes Without Judicial Warrants*

15.    On 12 May 2025, Lyons issued a memo ("Lyons Memo") authorizing ICE agents to forcibly enter certain homes without a warrant, consent, or an emergency. Rebecca Santana,

*Immigration officers assert sweeping power to enter homes without a judge's warrant, memo says*, Assoc. Press (Jan. 21, 2026), *at* https://apnews.com/article/ice-arrests-warrants-minneapolis-trump-00d0ab0338e82341fd91b160758aeb2d (last accessed Mar. 27, 2026).

16.    The Lyons Memo states, "Although the U.S. Department of Homeland Security (DHS) has not historically relied on administrative warrants alone to arrest aliens subject to final orders of removal in their place of residence, the DHS Office of the General Counsel has recently determined that the U.S. Constitution, the Immigration and Nationality Act, and the immigration regulations do not prohibit relying on administrative warrants for this purpose."

17.    The Lyons Memo itself has not been widely shared within the agency, but its contents have been used to train new ICE officers.

## FIRST CAUSE OF ACTION

## (ICE – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL)

18.    MSW Media repeats and realleges the allegations contained in paragraphs 1-17 set forth above.

19.    On 17 February 2026, MSW Media submitted to ICE a FOIA request via the DHS online portal citing the relevant media coverage and requesting "copies of all papers seized, confiscated, or otherwise collected from detainees at the Dilley Immigration Processing Center between 9 February 2026 and the date that the search for responsive records is conducted (and specifically NOT the date this request was submitted)."

20.    MSW Media requested expedited processing, stating: "Given the intense public and media interest in the conditions at the Dilley Center, best exemplified by ProPublica . . . and heavily reported on both before and since, these records will significantly increase public understanding of government operations. . . . There is an urgent need, exemplified by the

ProPublica story, to report on these letters, and ICE's reported seizure to prohibit their disclosure is of significant public concern."

21.  As of 29 March 2026, ICE has not acknowledged this request, although the DHS online portal has assigned it Request No. 2026-ICFO-17498.

22.  MSW Media has a legal right under FOIA to obtain the information it seeks as soon as practicable, and there is no legal basis for the denial by ICE of said right.

## SECOND CAUSE OF ACTION

## (ICE – CONSTRUCTIVE RECORDS, NEWS MEDIA, AND FEE WAIVER DENIAL)

23.  MSW Media repeats and realleges the allegations contained in paragraphs 1-17 set forth above.

24.  In its 17 February 2026 request letter, MSW Media also requested classification as a representative of the news media and a public interest fee waiver, citing the same reasons stated above.

25.  On 26 February 2026, MSW Media advised ICE via a message sent through the DHS online portal that "all records held by CoreCivic or any other contractor are still responsive to this request, in addition to records held by ICE employees."

26.  MSW Media also directed ICE, "Also, if the records are held by another DHS component, such as CBP, please forward this request to that component as well pursuant to 6 C.F.R. § 5.4(c), while still processing the request for records maintained by ICE or ICE contractors."

27.  As of 29 March 2026, ICE has not acknowledged this request, although the DHS online portal has assigned it Request No. 2026-ICFO-17498.

28.  MSW Media has exhausted all required administrative remedies.

29.    MSW Media has a legal right under FOIA to be classified as a representative of the news media and to obtain the information it seeks free of charge, and there is no legal basis for the denial by ICE of said right.

## THIRD CAUSE OF ACTION

## (DHS – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL)

30.    MSW Media repeats and realleges the allegations contained in paragraphs 1-17 set forth above.

31.    On 21 January 2026, MSW Media submitted to DHS a request via the DHS online portal citing the Lyons Memo and requesting "all OGC records describing or memorializing this 'determination' by the DHS OGC."

32.    MSW Media further explained that this OGC "determination" "has been officially adopted by DHS and ICE as working law" and that any otherwise applicable privilege has accordingly been waived.

33.    MSW Media requested expedited processing, stating: "The ongoing story of the excesses of ICE agents is one of the most newsworthy and fast-developing topics in the news today. MSW Media has a pressing need to report on these records and shed light on the legal justifications given by DHS OGC in this matter, which raise significant questions of government misconduct."

34.    MSW Media also provided DHS with a list of numerous news articles written about the Lyons Memo.

35.    As of 29 March 2026, DHS has not acknowledged this request, although the DHS online portal has assigned it Request No. 2026-HQFO-01584.

6

36.    MSW Media has a legal right under FOIA to obtain the information it seeks as soon as practicable, and there is no legal basis for the denial by DHS of said right.

## FOURTH CAUSE OF ACTION

## (DHS – CONSTRUCTIVE RECORDS, NEWS MEDIA, AND FEE WAIVER DENIAL)

37.    MSW Media repeats and realleges the allegations contained in paragraphs 1-17 set forth above.

38.    In its 17 February 2026 request letter, MSW Media also requested classification as a representative of the news media and a public interest fee waiver, explaining, "Given the intense public and media interest in the operations and excesses of ICE agents, . . . these records will significantly increase public understanding of government operations."

39.    As of 29 March 2026, DHS has not acknowledged this request, although the DHS online portal has assigned it Request No. 2026-HQFO-01584.

40.    MSW Media has exhausted all required administrative remedies.

41.    MSW Media has a legal right under FOIA to be classified as a representative of the news media and to obtain the information it seeks free of charge, and there is no legal basis for the denial by DHS of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MSW Media, Inc. prays that this Court:

(1)    Order the Department of Homeland Security and Immigration and Customs Enforcement to release all requested records to it free of charge;

(2)    Order DHS and ICE to classify it as a representative of the news media;

(3)    Order DHS and ICE to fully process its requests as soon as practicable;

7

(4)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(6)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7)    Grant such other relief as the Court may deem just and proper.

Date:   March 29, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*