UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MSW MEDIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>Defendant. | Civil A. No. 26-1061 (CRC) |

## **ANSWER**

Defendant Department of Homeland Security ("DHS"), by and through its undersigned counsel, hereby submits this Answer to the Complaint (ECF No. 1) of Plaintiff MSW Media, Inc. under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response.  However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action.  Defendant expressly denies all allegations in the Complaint, including those related to the relief sought, that are not specifically admitted in this Answer.

The initial, unnumbered paragraph of the Complaint contains Plaintiff's characterization of this action, to which no response is required.  Defendant responds to the remaining allegations of the Complaint in corresponding, numbered paragraphs as follows:

**JURISDICTION**[1]

1.      The allegations contained in Paragraph 1 consist of legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of FOIA, 5 U.S.C. § 552(a)(4)(B).

**VENUE**

2.      The allegations contained in Paragraph 2 consist of legal conclusions regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in this District.

**PARTIES**

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

4.      Defendant admits only that the Department of Homeland Security ("DHS") is a federal agency subject to FOIA.  The remainder of this paragraph contains legal conclusions to which no response is required; to the extent that a response is deemed required, Defendant denies the allegations.

5.       Defendant admits only that ICE and CBP are components of DHS.

**BACKGROUND**

6–17.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

---

[1]      For ease of reference, Defendant replicates the Complaint's headings.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and those headings could be construed to contain factual allegations, those allegations are denied.

or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## FIRST CAUSE OF ACTION

18.     Defendant restates and incorporates by reference the preceding paragraphs of this Answer as though fully stated herein.

19.     Defendant admits only that it received Plaintiff's FOIA request dated February 17, 2026.  As to the remaining allegations of this paragraph, Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

20.     Defendant admits only that Plaintiff sought expedited processing of the cited FOIA request.  As to the remaining allegations of this paragraph, Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

21.     Defendant admits only that the ICE FOIA portal assigned Request No. 2026-ICFO-17498 to Plaintiff's request and denies the remaining allegations of this paragraph.

22.     The allegations contained in this paragraph consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

23.     Defendant restates and incorporates by reference the preceding paragraphs of this Answer as though fully stated herein.

24.     Defendant admits only that Plaintiff sought a fee waiver in its February 17, 2026, communication, and respectfully refers the Court to the cited communication for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

25.     Defendant admits only that it received Plaintiff's February 26, 2026, communication, and respectfully refers the Court to the cited communication for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

26.     Defendant admits only that it received Plaintiff's February 26, 2026, communication, and respectfully refers the Court to the cited communication for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

27.     Defendant admits only that ICE FOIA portal assigned Request No. 2026-ICFO-17498.  Defendant denies the remaining allegations contained in this paragraph.

28.     The allegation contained in this paragraph is a legal conclusion to which no response is required.

29.     The allegations contained in this paragraph consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

30.     Defendant restates and incorporates by reference the preceding paragraphs of this Answer as though fully stated herein.

31.     Defendant admits only that it received Plaintiff's FOIA request dated January 21, 2026.  As to the remaining allegations of this paragraph, Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

32.     Defendant admits only that it received Plaintiff's FOIA request dated January 21, 2026.  As to the remaining allegations of this paragraph, Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

33.     Defendant admits only that Plaintiff's FOIA request dated January 21, 2026 requested expedited processing.  As to the remaining allegations of this paragraph, Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

34.     Defendant respectfully refers the Court to the cited request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

35.     Defendant denies the allegations of this paragraph.

36.     The allegations contained in this paragraph consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations.

## FOURTH CAUSE OF ACTION

37.     Defendant restates and incorporates by reference the preceding paragraphs of this Answer as though fully stated herein.

38.     Defendant denies the allegations of this paragraph and avers that it does not have a record of a February 17, 2026 letter related to request no. 2026-HQFO-01584.

39.     Defendant denies the allegations of this paragraph.

40.     The allegations contained in this paragraph consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations.

41.     The allegations contained in this paragraph consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The final, unnumbered paragraph of Plaintiff's Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 552(b) or by any other applicable law.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to relief beyond what is provided for under the FOIA.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees and costs.

## SIXTH DEFENSE

Plaintiff's requests fail to comply with the requirements of FOIA to the extent they fail to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to

Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: April 29, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ Andrew J. Vaden_____
Andrew J. Vaden
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*